IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE OF NEW JERSEY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DR. ABDUL-ALI MUHAMMAD | : | NO. 14-4379 |

## ORDER

AND NOW, this 29th day of July, 2014, upon consideration of Dr. Abdul-Ali Muhammad's motion to proceed *in forma pauperis* and *pro se* Notice of Removal, in which Dr. Muhammad apparently seeks to both remove a state criminal action and assert civil claims pursuant to 42 U.S.C. § 1983, it is ORDERED that:

1. The motion to proceed *in forma pauperis* is DENIED without prejudice for lack of sufficient financial information to allow the Court to determine whether Dr. Muhammad has the means to pay the filing fee to commence this case. In determining whether a litigant is eligible to proceed *in forma pauperis*, the Court must assess his financial status. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (per curiam) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)). Accordingly, it is appropriate for a district court to seek additional information about a litigant's financial status when questions are raised by his *in forma pauperis* application. *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 987 (D.S.C. 1997) ("'[T]he Court may inquire into [a plaintiff's] allegations and demand more specific information if necessary for

a proper assessment of the movant's financial status.'" (quoting *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984))).

Dr. Muhammad claims to be employed as a "head of state," yet he does not disclose any income. He also claims to have "foreign assets" and "foreign expenses." However, he has not disclosed the amount of any income or the value of his assets. Dr. Muhammad's characterization of his assets and expenses as "foreign" does not absolve him of his obligation to disclose his financial status to the Court so the Court can understand how he is supporting himself and make a determination as to whether he is capable of paying the filing fee.

2.      If Dr. Muhammad seeks to pursue this action he shall, within thirty (30) days of the date of this order, either file an amended motion to proceed *in forma pauperis* addressing the above issues, or pay the $350 filing fee and $50 administrative fee. Dr. Muhammad is reminded that, if he files an amended motion to proceed *in forma pauperis*, he must sign an affidavit of poverty, which is made under penalty of perjury. *See* 28 U.S.C. § 1746; *see also* 18 U.S.C. § 1621. If Dr. Muhammad fails to provide a truthful *in forma pauperis* application that clearly explains to the Court how he supports himself, his case will not proceed.[1]

3.      The Clerk of Court shall CLOSE this case for statistical purposes.

**BY THE COURT:**

*Joel Slomsky*
JOEL H. SLOMSKY, J.

---

[1] Less than three months ago, Dr. Muhammad filed two lawsuits in this district in which he sought to proceed *in forma pauperis*. *See Muhammad v. Mortgage Contracting Servs.*, Civ. A. No. 14-2684 (E.D. Pa.); *Muhammad v. United States Dep't of State*, Civ. A. No. 14-2685 (E.D. Pa.). The *in forma pauperis* motions he filed in those cases did not mention anything his alleged position as "head of state" and are starkly different from the application he submitted in this action in that they reveal an income from book sales and speeches.