# United States District Court

Eastern District of Pennsylvania 3rd Circuit

Dr Abdul-Ali Muhammad → Original Defendant #2     **14   4379**
Counterclaimant,
Head of State – Aboriginal Republic of North America
Xi-Amaru Indigenous Government

Vs.

Original Claimants now Respondents
State of New Jersey — Plaintiffs
Township of Florence
County of Burlington
Police Officers et al
All Bond Holders and Trustee-Fiduciaries of the assets of the
Above Respondents – Original Claimants

Respondents.

### NOTICE OF REMOVAL

### Jurisdiction & Venue:

This case involves a Color of Authority Claim with both Diversity of Citizenship and a claim of a controversy exceeding $75,000

### Pursuant to - Title 42 Section 1983 Lawsuits

### Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress primae facie code USC 42 section 1983

"*Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress*, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia"

Jurisdiction and Venue:

*USC Title 28 Section 1332*
*(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs*

Summary of Facts:

NOTE: I reserve the right to add the names of the officers to this case, as I was blinded by the incident and unable to see who committed the acts I am about to discuss. This case involves Head of State of the Xi-Amaru Tribal Government Dr Abdul-Ali Muhammad having an incident with the New Jersey State Police of Florence Township. Dr Abdul-Ali Muhammad is alleging his innocence of all charges from the Florence Township Prosecutor Burlington Township Prosecutor and claims of the officers. Dr Abdul-Ali Muhammad both challenges the jurisdiction (Florence Township, Burlington County, State of New Jersey) to hear this case based on Diversity of Citizenship as a head of state of a foreign Indigenous Nation, and alleges amounts exceeding 75,000$ as this case is also a claim of Actions Under Color of Authority for the false arrest negligence violation of due process excessive use of force and police brutality exercised by the Officers of this Case.

## Affidavit of Facts Friday July 17th 2014

### Affidavit of Facts:

On July 17th 2014 between the hours of 3-4:30 pm Dr Abdul Ali Muhammad and his wife were traveling on The New Jersey Turnpike exiting to the PA Turnpike to return to their domicile on Philadelphia Pennsylvania. While stopping for Gas a small dispute arose between the two. The Keys to the vehicle were dropped in the street near rocks on the road. In the process of looking for them Police stopped to investigate. Officers questioned Dr Abdul-Ali Muhammad on what he was doing and He responded looking for my wife's keys. Police requested he stop looking and move away from the rocks and the side of the road> Dr Abdul-Ali Muhammad immediately did as the Officer stated. In the process of walking away from the rocks an Officer grabbed Dr Abdul-Ali Muhammad on his right arm. Dr Abdul-Ali Muhammad turned and asked why are you grabbing me, at which time all three Officers jumped on Dr Abdul-Ali Muhammad and began punching elbowing him to the ground. The hit him repeatedly sprayed him with 0C2 Pepper spray in the eyes ears mouth face hands and upper body. While spraying him the cuffed him and placed their knees in his back to the point of near suffocation. Multiple injuries to his back face ears and ears occurred. They then called medics. Dr Abdul-Ali Muhammad was so afraid he refused to speak to them. He could not see or hear clearly at the time. He was placed in the back of a Police vehicle while still not breathing properly and taken to Florence Township Jail. He was denied medical attention and placed in a cell. In the

Cell he attempted to wash the spray off with water from the cell with no notice from Officers or medics that water causes the burning of pepper spray to increase, especially hot water, which was the only water in the cell. He remained in the Florence County Cell from around 5pm to 9pm with no food water and blinded beat and battered. Dr Abdul-Ali Muhammad explained to the police repeatedly that he was a head of State of a Foreign Government and that he needed to contact his government officials. All Officers refused.

At 9PM he was transported to the Burlington County Jail where he was forced to take a Tuberculosis vaccine against his will. He was threatened that in order to get out for bail he HAD TO TAKE THE VACCINE. The vaccine, which he is biologically allergic, too was administered by staff on duty. He was then placed back into a cell at which time his government officials bailed him out. He was released approximately 3AM on July 18th. His wife escorted him home where his eyes and hands began to burn immensely. Dr Muhammad took a shower to attempt to rinse off the spray, which made it more excessive. Local Medics were called from 911 request. They came and notified Dr Muhammad that there was nothing the medics could do for OC2 Spray and there was no hospital remedy. Dr Muhammad then went into his Indigenous Medical Book advisory information and contacted another Doctor apart of his Medical Association. They created a remedy that took the burning away in a few minutes. He is scheduled to enter a plea for July 28th 2014.

# Claims

1. Claimant now makes the claims of false arrest color of authority and torts of assault and battery excessive force and trespass upon chattels and personal property.
2. The Officers at no time explained anything to Dr Muhammad, they never asked him to put his hands up, they never requested a search, they never told him he was being detained or under arrest, they never attempted any form of interrogation except and order for him to remove himself from standing where he was and he did with witnesses watching. They showed no probable cause, discretion, and following of their Oaths to the Constitution and committed several breaches of their Oaths and proper performance as Law Officers.
3. ASSAULT- this act was an act of assault as the officer made unlawful contact with Dr Abdul-Ali Muhammad. Although assault only needs intent and the resulting apprehension the Officer actually made a forceful contact by grabbing Dr Abdul-Ali Muhammad unprovoked by any action of counterclaimant. The Officers then proceeded to slam him to the ground and continue assault with physical hitting and spraying a chemical in the face of a

person who was already down. Under the common law contact in respect to assault is often defined as "harmful" if it objectively intends to injure, disfigure, impair, or cause pain. The act is deemed "offensive" if it would offend a reasonable person's sense of personal dignity. The actions of all officers were intentional and any reasonable person would not expect such behavior from a police officer in an investigation of a car stop. This preliminary act which is a part of a chain of acts that lead to false arrest/imprisonment/torture/police brutality excessive force is lawfully an act of assault as no dignified living being would expect any officers to unprovokingly beat a head of state that had already identified himself.

4. BATTERY - This action was also battery as defined by law. At common law, **battery** is the tort of intentionally and volitionally bringing about an unconsentually harmful or offensive contact with a person or to something closely associated with them (ex. a hat, a purse, etc.). It is a form of trespass to the person. As distinguished from assault, battery requires an actual contact. Battery need not require body-to-body contact. Any volitional movement, such as throwing an object toward another, can constitute battery. Touching an object "intimately connected" to a person (such as an object he or she is holding) can also be battery. The doctrines of necessity and consent do not apply in this act as although the officer had necessity to see the documents and consent to handle them, the forceful, violent, snatching of the documents was not a necessity nor was there any consent to act in this most unreasonable, violent, and unlawful manner.

5. I did not consent to this unlawful barbaric behavior, which was a violation of the State Constitutional Oath and Federal Constitutional oath of all 3 officers. The officers were 'acting under color of state law' even though their actions violated state law, ***Monroe vs. Pape 365 U.S. 167 (1961)***.

6. The officers did not have a warrant to search my vehicle/vessel or my person and did not even request to search me before physically assaulting me, nor did they have probable cause that a crime had been committed, no complaint from anyone present that I had done anything unlawful. I was just looking for keys on the ground. Therefore the actions of all officers was unlawful/illegal. The Supreme Court of the United States has ruled, "the standards by which

the validity of warrants are to be judged are the same, **whether federal or state officers are involved**, Ker v. California, 374 U.S. 23 (1963).

7. All officers present of the NEW JERSEY POLICE DEPARTMENT (Township of Florence) named herein did and do claim to be state officers so the rules of the 4th amendment of the United States Constitution and Rule 41 of the Federal Rules of Criminal Procedure Rule 41 [Search & Seizure] does apply to them.

8. The arrest process and search and seizure occurrence in this case are so completely intertwined that a violation of one has created a subsequent violation of the other in respect to the 4th and 5th amendments *"**While the exceptions may be different as between arrest warrants and search warrants, the requirements for the issuance of the two are the same**", Aguilar v. Texas 78 U.S. 108, 112 n3 (1964). **Also the standards by which the validity of warrants are to be judged are the same, whether federal or state officers are involved**, Ker v. California 374 U.S. 23 (1963).]*

9. This activity was an act of false imprisonment. To prevail under a false imprisonment claim, a plaintiff must prove: (1) willful detention; (2) without consent; and (3) without authority of law.

10. The officers willfully beat me with excessive force and detained me under no allegations until after their assault. The detainment was without my consent and without due process of law or any merit besides the post excessive force claims which are all VOID and false.

11. The officers had no 'authority of law' to use unwarranted excessive force arrest me as there was no violation present in the incident to warrant imprisonment.

## DEMAND FOR REMEDY

12. Pursuant to direct injury and harm being caused by the actions of the officers named herein there being no limit to actual damages if they can be proven [Carey v. Piphus, 435 U.S. 247 (1978)] the Counter-claimant requests the following remedy.

13. I demand a trial by jury.

14. I demand all charges be dismissed for lack of evidence of any violations of Dr Abdul-Ali Muhammad.

15. Claimant demands $250,000 for violations of each of the Officers for Color of Authority, false imprisonment, excessive force, false arrest, tort upon claimants persons, and property totaling $1,000,000 and $500,000 for The STATE OF NEW JERSEY and TOWNSHIP OF FLORENCE for tort damages and color of authority of its law enforcement totaling 1.5 Million$ in damages

Signature _[signature]_

As 218438-6858-FAX - A1610586 2590-FAX

# NEW JERSEY BAIL RECOGNIZANCE
## With Waiver of Extradition

**Document Origination:**
- ☒ JAIL
- ☐ SUPERIOR COURT
- ☐ MUNICIPAL COURT
- ☐ LAW ENFORCEMENT AGENCY

**Court:** Burlington County Superior Court
**Address:** Central Processing Office, 1st Floor Courts Facility, 49 Rancocas Road, Mount Holly, NJ 08060
**Phone:** (609) 518-2616

**Bail Recognizance #:** 03-081348
**Receipt Number:** 114998
**CABS Number:**

**Case Information:**
- COMPLAINT (CDR) #: W-14-213 / W-14-212
- PROMIS/GAVEL #:
- INDICTMENT/ACC. #:
- CHARGE(S): 2C:29-2A(3) / 2C:33-4C / 2C:29-1A
- WHERE OFFENSE OCCURRED — MUNICIPALITY: Florence — COUNTY: Burlington

**Defendant Information:** State of New Jersey vs. Muhammad Abdul
Defendant # 106794
- FIRST NAME: Abdul
- MIDDLE INITIAL: A
- LAST NAME: Muhammad
- ADDRESS: 228 Wolfenden Ave
- CITY: Collingdale
- STATE: PA
- ZIP: 19023
- DATE OF BIRTH: 6/17/75
- SOCIAL SECURITY #: 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
- PHONE #: (267) 582-5724
- STATE BUREAU OF IDENTIFICATION #: 277227G

**Bail Information:**
- AMOUNT OF BAIL SET: $21,000
- BAIL TYPE: ☐ ROR ☐ 10% CASH ☐ FULL CASH
- DATE BAIL SET: 7/17/14
- BAIL SET BY: Andronici
- AMOUNT OF BAIL RECEIVED: $—
- FILING FEE RECEIVED: $30.00
- TOTAL AMOUNT RECEIVED: $30.00
- BAIL RECEIVED BY: M Jenkins
- PAYMENT TYPE: ☐ CASH ☐ CHECK # ☐ CREDIT CARD ☐ MONEY ORDER # ☒ BOND

**SPECIAL CONDITIONS OF BAIL:** Contact Superior Court for date & time.

**Corporate Surety/Bail Agent Information:**
- NAME OF INSURER: US SPECIALITY 29599
- BAIL AGENT AND LICENSE #: MELISSA CRUZ 1143465
- BAIL AGENCY: SPEEDY BAIL BONDS 1058271
- POWER OF ATTORNEY #: X31-0017803
- EXPIRATION DATE: 5/23/15
- DATE: 7/18/14
- SIGNATURE: [signed]

**Defendant Agreement:**
I, the defendant, understand and agree that the owner of the bail posted in this case is Melissa Cruz.
- Court Date: TBD
- Court Time: ___ AM/PM
- Signature: X
- Date: 7/18/14

Revised 09/21/2009

Margin notes: 4hrs - Oct 5, Florence - 609 409 2233, 711 Broad St Florence New Jersey 08518

Charges

**FLORENCE NEW JERSEY Municipal Court**

711 Broad Street, Florence, New Jersey 08518 (609) 499-2222 Fax: (609) 499-1779

Andrew Smith, Esq.
Municipal Court Prosecutor

Richard E. Andronici, Esq.
Municipal Court Judge

**2C:29-2. Resisting arrest, eluding officer** 2C:29-2. Resisting Arrest; Eluding Officer. a. (1) Except as provided in paragraph (3), a person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest. (2) Except as provided in paragraph (3), a person is guilty of a crime of the fourth degree if he, by flight, purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest. (3) An offense under paragraph (1) or (2) of subsection a. is a crime of the third degree if the person: (a)Uses or threatens to use physical force or violence against the law enforcement officer or another; or (b)Uses any other means to create a substantial risk of causing physical injury to the public servant or another. It is not a defense to a prosecution under this subsection that the law enforcement officer was acting unlawfully in making the arrest, provided he was acting under color of his official authority and provided the law enforcement officer announces his intention to arrest prior to the resistance.

**2C:29-1. Obstructing administration of law or other governmental function** 2C:29-1. Obstructing Administration of Law or Other Governmental Function. a. A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions. b.An offense under this section is a crime of the fourth degree if the actor obstructs the detection or investigation of a crime or the prosecution of a person for a crime, otherwise it is a disorderly persons offense.

**2C:33-4 Harassment.** 2C:33-4. Harassment. Except as provided in subsection e., a person commits a petty disorderly persons offense if, with purpose to harass another, he: a.Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm; b.Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or c.Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.